IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SCOTTIE LEE GRAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV360 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. This petition does not pose such a challenge. Instead, Petitioner seeks to argue that he received ineffective assistance of counsel during the revocation of his supervised release in cases 1:00CR123-1 and 1:04CR220-1, and that his sentences following revocation were too high. He seeks immediate release from custody.

Notwithstanding, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). This is the so-called "savings clause" of § 2255. It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief

under that provision.  Id. at 333, citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  A contrary rule would effectively nullify the gatekeeping provisions.  Jones 226 F.3d at 333, citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999).

Here, Petitioner shows nothing that would satisfy the savings clause.  Therefore, a petition under § 2241 is not an appropriate vehicle for raising his claims.  He would need to raise them under § 2255.  Equally important, the undersigned also notes that Petitioner has filed notices of direct appeal in both of his criminal cases.  As noted by the Fourth Circuit in United States v. Weaver, 121 F.3d 702, 1997 WL 468277, at *1 (Aug. 18, 1997)(No. 97-6443)(unpub.): "Absent extraordinary circumstances, courts traditionally decline to address [post-conviction] motions on the merits during the pendency of a direct appeal.  See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939)."  See also United States v. Jagim, 978 F.2d 1032 (8th Cir. 1992).  There are no extraordinary circumstances here.  Therefore, even a § 2255 motion is not appropriate at this time.  Petitioner should wait until after his appeals have concluded before attempting to file under that section.  As for his present filing, it should be dismissed.

Petitioner submitted a request to proceed in forma pauperis.  That request is granted solely for the purpose of entering this Recommendation and Order..

**IT IS THEREFORE RECOMMENDED** that this action be filed and then dismissed sua sponte for the reasons stated.

**IT IS ORDERED** that Petitioner's request to proceed in forma pauperis is granted solely for the purpose of entering this Recommendation and Order.  The Clerk should send Petitioner a copy of this Recommendation and instruction forms for filing § 2255 motions

in this Court. Petitioner may file those forms in his criminal cases after his direct appeals have concluded.

/s/ Russell A. Eliason
**United States Magistrate Judge**

June 4, 2008